UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE SHANNON ABNER, | § | |
| TDCJ-CID NO. 642616, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-07-2972 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Eugene Shannon Abner, a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. Petitioner was convicted of aggravated sexual assault of a child younger than fourteen in the 180th District Court of Harris County, Texas, in cause number 610227. On December 18, 2000, petitioner sought federal habeas relief from this state-court conviction. *Abner v. Cockrell*, Civil Action No.H-01-230 (S.D. Tex. Sept. 3, 2002). On September 3, 2002, this Court denied petitioner's claims on the merits. *Id.* Petitioner challenged the same conviction in Civil Action No.07-2675. On August 23, 2007, this Court dismissed the petition as successive. *Abner v. Quarterman*, Civil Action No.07-2675 (S.D. Tex. Aug. 23, 2007). In the pending petition, petitioner challenges the same state-court conviction and alleges that his identity has been stolen. (Docket Entry No.1). The Court will dismiss the habeas petition because it is successive and dismiss the civil rights claims because they are duplicative.

In general, federal habeas petitioners must bring their claims in one action. A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that

was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C.§2244(b)(1).

Petitioner's pleadings in the pending habeas action do not clearly state his claims with respect to his conviction. Moreover, the pleadings do not show that the Fifth Circuit Court of Appeals has authorized this Court to consider petitioner's successive petition. To the extent that petitioner seeks relief from the same claims presented in Civil Action No.H-01-230 , such claims are DISMISSED with prejudice as successive. To the extent that petitioner raises new claims with respect to this conviction, he fails to allege or show that he has sought or received authorization from the court of appeals to proceed in this court with respect to such claims. Accordingly, this habeas action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this court on any new claims.

Petitioner's allegations of identity theft are also unclear; nevertheless to the extent that he seeks relief on the claims raised in *Abner v. The Court of Criminal Appeals*, Civil Action No.4:07cv2316 (S.D. Tex. May 23, 2007) his claims are duplicative. Accordingly, petitioner civil rights claims are DISMISSED with prejudice pursuant to 28 U.S.C.§1915(e)(2)(B).

The Court finds that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). For this reason, the Court finds that a certificate of appealability should not issue in this case.

Petitioner's application to proceed as a pauper (Docket Entry No.2) is GRANTED. Petitioner's federal habeas petition is DISMISSED for want of jurisdiction. Petitioner's civil rights claims are DISMISSED as duplicative of those previously dismissed. All other pending motions are DENIED as moot.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 10th day of October, 2007.

Melinda Harmon
United States District Judge